**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ANTHONY, individually, and on behalf of others similarly situated, | No. 09-15062 |
| Plaintiff - Appellee, | D.C. No. 5:05-cv-04175-RMW |
| MICHAEL J. ENGLAND, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| YAHOO!, INC., a Delaware corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted April 5, 2010[**]

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Michael J. England appeals *pro se* from the district court's judgment approving a class action settlement and attorney fee award. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a determination whether to approve a class action settlement and an award of attorney's fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027, 1029 (9th Cir. 1998). We affirm.

The district court did not abuse its discretion in finding that the settlement of claims relating to Yahoo!, Inc.'s operation of its personal online dating service was fair, reasonable, and adequate because the court weighed the appropriate factors and made the relevant findings. *See Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625-26 (9th Cir. 1982) (discussing relevant factors). The record supports the district court's conclusion that, contrary to England's objection that the class received practically nothing, the settlement provided meaningful injunctive and monetary relief to the class.

The district court also did not abuse its discretion in approving an attorney's fees award in the sum of 25% of the net recovery after evaluating the factors for such an award in common fund cases. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002) (discussing the relevant factors and noting that 25% of common fund is a benchmark award for attorney's fees awards in this Circuit). Moreover, the district court properly exercised its discretion in favor of the class

by requiring that attorney's fees be based on the net recovery after administrative and other costs were deducted from the gross settlement fund.

We decline to address the objections England raises for the first time on appeal. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995).

**AFFIRMED**.